IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2003-HE2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-HE2, <br><br>   Plaintiff, <br><br>v. <br><br>GLENDA HINOJOSA AND ROY HINOJOSA, <br><br>   Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 5:19-cv-588 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2003-He2 Mortgage Pass-Through Certificates, Series 2003-He2 ("Plaintiff"), complains of Glenda Hinojosa and Roy Hinojosa, Defendants, files this *Original Complaint*, and states as follows:

I.   PARTIES

1. Plaintiff is appearing through the undersigned counsel.

2. Defendant Glenda Hinojosa is an individual and may be served with process at her residence, 7505 Leading Oaks Street, Live Oaks, Texas 78233, or at such other place as she may be found. Summons is requested.

3. Defendant Roy Hinojosa is an individual and may be served with process at his residence, 7505 Leading Oaks Street, Live Oaks, Texas 78233, or such other place as he may be found. Summons is requested.

## II. PROPERTY

4. This proceeding concerns the following real property and improvements commonly known as 4505 Leading Oaks Street, Live Oaks, Texas 78233 and more particularly described as:

> LOT 12, BLOCK 25, OF LIVE OAK VILLAGE, UNIT 5, PHASE II, AN ADDITION TO THE CITY OF LIVE OAK, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF; RECORDED IN 5970/244, OF THE DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS. (The "Property").

## III. DIVERSITY JURISDICTION AND VENUE

5. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Borrowers, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6. Plaintiff is a national association and the trustee of a trust. A trustee that possesses "customary powers to hold, manage, and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 577 U.S. ___, No. 14-1382, slip op. at 5 (Mar. 7, 2016) (citing *Navarro*, 446 U.S. at 462–66). A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006)

(citing 28 U.S.C. § 1348). Plaintiff's main office is in New York, so Plaintiff is a citizen of New York for diversity purposes.

7. Glenda Hinojosa is an individual and citizen of the state of Texas.

8. Roy Hinojosa is an individual and citizen of the state of Texas.

9. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas*, 737 F.3d at 341.

10. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. As of May 28, 2019, the total amount due was $76,031.56. Therefore, the amount in controversy is more than $75,000.00.

11. Venue is proper in the Western District of Texas, San Antonio Division, because this suit concerns title to real property located in Bexar County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

## IV.   FACTS

12. The foregoing paragraphs are incorporated by reference for all purposes.

13. On or about May 19, 2003, Defendants Glenda Hinojosa and Roy Hinojosa ("Borrowers") executed a promissory *Note* in the principal amount of $81,200.00 ("Note"), originally payable to Aames Funding Corp., dba Aames Home Loan ("Aames") as lender on a

loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

14. Concurrently with the execution of the Note Borrowers executed a *Deed of Trust* ("Deed of Trust" and together with the Note, "Loan Agreement"), as grantor, granting Aames, its successors and assigns, a security interest in the Property. The Deed of Trust was recorded in the official public records of Bexar County, Texas, under instrument number 20030131652. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**.

15. Plaintiff is the current holder of the Note and beneficiary of the Deed of Trust. It is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

16. Borrowers failed to make the payments under the terms of the Loan Agreement. The Loan Agreement is currently due for the February 1, 2018 payment and all subsequent monthly payments. Notice of default and request to cure was mailed to Borrowers in accordance with the Loan Agreement and the Texas Property Code on August 13, 2018. A true and correct copy of the Notice of Default is attached hereto as **Exhibit C**. The default was not cured, and the maturity of the debt has been accelerated by a Notice of Acceleration of Loan Maturity issued on December 13, 2018. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit D**.

17. Plaintiff brings this suit to obtain an order for foreclosure against Borrowers.

### V. CAUSE OF ACTION: FORECLOSURE

18. The foregoing paragraphs are incorporated by reference for all purposes.

19. As the current mortgagee of record who has the right to enforce the Note and Deed of Trust, Plaintiff asserts a cause of action for foreclosure against Borrowers. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Borrowers,

however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others). Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Deed of Trust and Texas Property Code § 51.002.

20. Plaintiff has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Borrowers' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Borrowers for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Deed of Trust signed by Borrowers. Plaintiff seeks the attorneys' fees in furtherance of Borrowers' obligations under the Loan Agreement.

## VI. CONDITIONS PRECEDENT

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract, or lien sought to be foreclosed has been performed.

## VII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Glenda Hinojosa and Roy Hinojosa be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff's lien against the Property shall be enforced by a judgment and foreclosure under Deed of Trust's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit and all other relief, in law and in equity, to which it is entitled.

>Respectfully submitted,
>
>By: */s/ Mark Cronenwett*
>   **MARK D. CRONENWETT**
>   Texas Bar No. 00787303
>   mcronenwett@mwzmlaw.com
>
>**MACKIE WOLF ZIENTZ & MANN, P.C.**
>14160 North Dallas Parkway, Suite 900
>Dallas, Texas 75254
>Telephone: 214-635-2650
>Facsimile: 214-635-2686
>
>**ATTORNEYS FOR PLAINTIFF**