IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2003-HE2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-HE2,<br><br>**Plaintiff,**<br><br>v.<br><br>**GLENDA HINOJOSA AND ROY HINOJOSA,**<br><br>**Defendants.** | §§§§§§§§§§§§§§§§§<br><br>Civil Action No. 5:19-cv-588 |

### AMENDED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS GLENDA HINOJOSA AND ROY HINOJOSA

Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2003-HE2 Mortgage Pass-Through Certificates, Series 2003-HE2 ("Plaintiff" or "Deutsche Bank") files this, its *Amended Motion for Default Judgment against Defendants Glenda Hinojosa and Roy Hinojosa*, and respectfully shows as follows:

**I.**

1. Plaintiff is Deutsche Bank. Defendants are Glenda Hinojosa and Roy Hinojosa (the "Defendants").

2. Plaintiff filed its *Original Complaint* on May 31, 2019 (the "Complaint"). (ECF Document No. 1.)

3. On June 22, 2019, Plaintiff completed service on Glenda Hinojosa by personally servicing the summons and Complaint on her co-resident and daughter, Diamond Hinojosa, at

their residence located at 7505 Leading Oaks Street, Live Oaks, Texas 78233. (ECF Docket No. 17.) Glenda Hinojosa's answer or other response to the Complaint was due on or before July 13, 2019. FED. R. CIV. P. 12(a)(1)(A)(i). Glenda Hinojosa has not answered or otherwise appeared in this action.

4. On June 22, 2019, Plaintiff completed service on Roy Hinojosa by personally servicing the summons and Complaint on his co-resident and daughter, Diamond Hinojosa, at their residence located at 7505 Leading Oaks Street, Live Oaks, Texas 78233. (ECF Docket No. 18.) Roy Hinojosa's answer or other response to the Complaint was due on or before July 13, 2019. FED. R. CIV. P. 12(a)(1)(A)(i). Roy Hinojosa has not answered or otherwise appeared in this action.

5. The Court's clerk entered default against Defendants on April 23, 2020. (ECF Docket No. 15.)

6. On April 28, 2020, the Court entered and Order denying Plaintiff's Motion for Default Judgment against Defendants (ECF Doc. No. 6) without prejudice of re-urging the same for three reasons: (i) the Court did not have sufficient evidence to determine that Plaintiff has standing to foreclose on the subject property, (ii) the Court did not find a return of service for Defendants that was signed and completed by the process server and filed of record to substantiate proof of service, and (iii) the Court was not provided with clear direction as to the provision in the subject security instrument that entitles Plaintiff to attorney's fees. (ECF Doc. No. 16.)

7. Plaintiff hereby submits this Motion with supplemental information to address the Court's concerns.

8.    Plaintiff further refers the Court to the Declaration of Samin Hessami for requirements of obtaining an entry of default against Defendants. (ECF No. 6-1.)

## II.

9.    The Court should render a default judgment against the Defendants because they have not filed a responsive pleading or otherwise defended the claims against them. Such default constitutes an admission by the Defendants of all allegations in Plaintiff's Complaint. Thus, Plaintiff is entitled to a default judgment on liability and damages. With regard to the issue of damages, Plaintiff does not seek monetary damages against the Defendants, but instead seeks declaratory judgment and to allow foreclosure of the real property commonly known as 7505 Leading Oaks Street, Live Oak, TX 78233 ("Property"), and more particularly described as follows:

> LOT 12, BLOCK 25, OF LIVE OAK VILLAGE, UNIT 5, PHASE II, AN ADDITION TO THE CITY OF LIVE OAK, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF; RECORDED IN 5970/244, OF THE DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

Therefore, no hearing is necessary to establish the amount of Plaintiff's damages.

10.    Plaintiff is entitled to enforce the security instrument because it is a mortgagee pursuant to Section 51.0001(4) of the Texas Property Code. Non-judicial foreclosure sales of real property under contract liens are governed by Chapter 51 of the Texas Property Code. *See* Tex. Prop. Code Ann. § 51.0001, et seq. Under section 51.0025, a "mortgagee" may conduct foreclosure proceedings. *See* Tex. Prop. Code Ann. § 51.0025. The "mortgagee" is defined as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4).

11. Assignments of notes may be accomplished by either "transfer" or "negotiation." *See Univ. of Tex. Med. Branch at Galveston v. Allan*, 777 S.W.2d 450, 452 (Tex. App.—Houston [14th Dist.] 1989, no writ). "Transfer" occurs when an instrument is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument. TEX. BUS. & COM. CODE § 3.203(a). Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument. TEX. BUS. & COM. CODE § 3.203(b); *NCNB Texas Nat'l Bank v. Campise*, 788 S.W.2d 115, 118-19 (Tex. App.—Houston [14th Dist.] 1990, pet. denied). In the event of default, the transferee may declare the loan in default, appoint an alternative substitute trustee, and obtain foreclosure of the mortgaged property. *Shamburger v. Conoco, Inc.*, 999 S.W.2d 462, 466 (Tex. App.—Amarillo 1999, pet. denied); *Wynnewood Bank and Trust v. State*, 767 S.W.2d 491, 494 (Tex. App.—Dallas 1989, no writ).

12. The "holder" of an instrument is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession. TEX. BUS. & COM. CODE § 1.201(b)(21). Any transfer of the instrument to a holder vests in the holder any right of the transferor to enforce the instrument. *Id*. at § 3.203. *Shamburger*, 999 S.W.2d at 466; *Wynnewood Bank and Trust*, 767 S.W.2d at 494; *see also Beard v. Norwest Mortgage, Inc.*, 10-06-014-CV, 2007 WL 2051854 (Tex. App.—Waco, July 18, 2007, pet. denied) (assignee with possession of note may pursue foreclose of real property).

13. Here, the Note is endorsed in blank. Ex. A-1. Pursuant to the Affidavit of Juliana Thurab, Plaintiff is in possession of the Note endorsed in blank. Ex A at ¶ 6. Therefore, Plaintiff has sufficient basis for standing to foreclose on a note in Texas. *See* TEX. BUS. & COMM. CODE § 3 205(b)"); *see Trevarthan v. Nationstar Mortg. LLC*, No. 03-15-00011-CV, 2016 Tex. App.

LEXIS 954 (Tex. App.—Austin Jan. 29, 2016, no pet.) (contrary to a borrower's contention, the evidence established that a mortgage servicer had authority to foreclose on the borrower's home as a holder of the original note, which was indorsed in blank, as the servicer of the mortgage, pursuant to TEX. PROP. CODE §§ 51.0001(4) and 51.0025, and as assignee of the deed.); *see also J.W.D., Inc. v. Fed. Ins. Co.*, 806 S.W.2d 327, 329-30 (Tex. App.—Austin 1991, no writ) ("[W]hen a mortgage note is transferred, the mortgage or deed of trust is also automatically transferred to the note holder by virtue of the common-law rule that 'the mortgage follows the note.'"); *see also SGK Props., LLC v. U.S. Bank Nat'l Assoc.*, 881 F.3d 933, 942 (5th Cir. 2018) (allegedly void transfer of lien by MERS is irrelevant when assignee is a holder of the note).

14. Plaintiff requested reasonable and necessary attorney's fees against the Defendants based on Texas Civil Practice and Remedies Code Chapter 38 and the terms of the loan documents executed by Defendants. *See* Exhibits A-1 and A-2. The Security Instrument, attached as Exhibit A-2, provides authority for attorney's fees in paragraph 9 of the document. Ex. A-2 at ¶ 9. Pursuant to the said provision, if the borrowers breach any provision of the Security Instrument, the lender is entitled to collect any amount spent to protect its lien interest as an additional debt to the lien. The same provision states that interest will be borne at the Note rate. *Id.* Additionally, Paragraph 2 of the Note states that Defendants will pay interest at a yearly rate of 6.500% both before and after any default. Ex. A-1 at ¶ 2; *see also* Ex. A-1 at ¶ 7(B).

15. Plaintiff is also entitled to attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract or in this case, breach of the loan agreement.

16. Plaintiff requests that the award of attorney's fees be made not as a money judgment against the Defendants, but as a further obligation owed by the Defendants under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendants Glenda Hinojosa and Roy Hinojosa on all claims against them in Plaintiff's Original Complaint, and award the following relief:

1. Judgment against Defendants declaring that the following are secured by Plaintiff's Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of judgment until paid; (d) costs of court; and (e) attorney's fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i);

2. Judgement against Defendants authorizing Plaintiff to enforce its power of sale in the Security Instrument through foreclosure of the Property pursuant to Texas Property Code section 51.002, the Note and Security Instrument, or alternatively, judicial foreclosure; and

3. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ Samin Hessami*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**SAMIN HESSAMI**
Texas Bar No. 24100109
shessami@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 12, 2020 a true and correct copy of the foregoing document was delivered to the following Defendants in the manner described below:

**Via CMRRR and U.S. Mail** *9314 7699 0430 0074 0276 41*
Glenda Hinojosa
Roy Hinojosa
7505 Leading Oaks Street
Live Oaks, Texas 78233

*/s/ Samin Hessami*
**SAMIN HESSAMI**